UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re: Ralph F. Holley, Melonee L. Monson,

    Debtors.
_____/

Ralph F. Holley and Melonee L. Monson,

    Appellants,

v.    Case No. 20-11096

Collene Corcoran, Chapter 7 Trustee,    Sean F. Cox
    United States District Court Judge

    Appellee.
_____/

## OPINION & ORDER

This is a bankruptcy appeal from a Chapter 7 proceeding. This is the third appeal and it involves a dispute over an order concerning $6,506.68. In this appeal, the Debtors challenge the bankruptcy court's decision denying their Motion to Compel Trustee to Turnover Exempt Property. For the reasons below, the Court affirms the bankruptcy court's ruling.

### BACKGROUND

This a bankruptcy appeal from a Chapter 7 proceeding that has been before this Court, and the Sixth Circuit, several times.

In the last appeal, Trustee Colleen K. Corcoran appealed an order issued by the bankruptcy court that required her to turn over $20,036.68 in administrative fees that she retained from the sale of the Debtors' home. This Court rejected all of the arguments made by the Trustee and affirmed the bankruptcy court's order.

1

The Trustee appealed this Court's judgment affirming the bankruptcy court's order requiring her to turn over $20,036.68 to the Debtors, Ralph Holley and Melonee Monson-Holley.[1] (*In re Holley*, Case No. 18-2375 (6th Cir. July 17, 2019)). In its order affirming this Court's ruling, the United States Court of Appeals for the Sixth Circuit concisely summarized the relevant background in this matter:

> In 2012, Holley and Monson-Holley filed separate bankruptcy petitions in which both debtors claimed property located at 7545 Heather Mead Lane, West Bloomfield, Michigan, as exempt under Michigan Compiled Laws §600.5451(1)(o). After the Debtors' cases were consolidated, the bankruptcy court authorized the sale of the Heather Mead property free and clear of liens pursuant to 11 U.S.C. §363(f). Upon completing the administration of the Debtors' estate, the Trustee filed a final report and account, in which she proposed paying herself $97,734.32 in administrative fees from the proceeds from the sale of the Heather Mead property. The Debtors objected to the final report, contending that proceeds from the sale of the Heather Mead property could be used to pay only secured creditors not administrative claims. The Debtors also filed a motion for reconsideration of the order authorizing the sale of the Heather Mead property, alleging that the Trustee engaged in self-dealing. The bankruptcy court denied the motion for reconsideration, overruled the objections to the final report, and awarded administrative expenses and fees to the Trustee. The district court affirmed the orders denying the motion for reconsideration and the objections to the final report. *In re Holly*, Nos. 12-33873/15-12144, 2015 WL 9245284 (E.D. Mich. Dec. 18, 2015). This court affirmed the order denying the motion for reconsideration but vacated the order overruling the objections to the final report after determining that "11 U.S.C. §522(k) prohibits a bankruptcy court from charging exempt property for administrative expenses." *In re Holley*, 661 F. App'x 391, 396 (6th Cir. 2016).
>
> On remand, the bankruptcy court ordered the trustee to pay the Debtors $84,204.32. The Debtors then filed a motion for reconsideration, arguing that the Trustee failed to turn over fully exempt tax refunds and that the prior order did not require the Trustee to turnover administrative expenses relating to the sale of the Heather Mead property. The bankruptcy court granted the motion for

---

[1]Monson-Holley is an attorney and has been representing the Debtors. It appears from the briefs, however, that she may not be experienced in bankruptcy matters. (*See* ECF No. 7 at 3) (Wherein Debtors assert that they are "guilty of representing themselves and not having the wherewithal to hire counsel.").

>reconsideration after determining that the tax refunds were exempt pursuant to a prior order and that the administrative expenses relating to the sale of the Heather Mead property could not be charged against the Debtors' validly claimed exemptions. Subsequently, the Trustee filed a post-hearing brief, arguing that she had turned over all exempt assets and that she could not turnover the administrative expenses relating to the sale of the Heather Mead property pursuant to the doctrine of equitable mootness as to third parties and because the estate was administratively insolvent. The bankruptcy court declined to address the Trustee's post-hearing brief and ordered the Trustee to turn over an additional $20,036.68 to the Debtors. The Trustee appealed, and the district court affirmed. *In re Holley*, 594 B.R. 872, 879 (E.D. Mich. 2018).

(*Id*. at 1-2).

In its July 17, 2019 Order, the Sixth Circuit rejected the Trustee's arguments that were properly before it[2] and affirmed this Court's judgment. In doing so, the court noted that the "bankruptcy court did not exceed the scope of this court's mandate when it ordered the Trustee to turn over the Debtors' 2009-2012 tax refunds." (*Id*. at 3). It also explained that the "bankruptcy court did not err by including previously incurred sale expenses in its calculation of administrative expenses" and stated:

>The Trustee argues that because the Debtors did not obtain a stay pending appeal or argue that the purchaser of the Heather Mead property acted in bad faith, 11 U.S.C. §363(m) prevented the bankruptcy court from ordering the turnover of administrative expenses relating to the sale of the property that had been previously authorized. Although the Trustee is correct that §363(m) can prevent appellate courts from reviewing a consummated sale, the Debtors are not challenging the validity of the sale. *See In re Nashville Sr. Living, LLC*, 620 F.3d 584, 591 (6th Cir. 2010). Instead, the Debtors merely seek the turnover of all exempt property used to pay administrative expenses as previously ordered by this court. Because this court explicitly determined that "11 U.S.C. §522(k) prohibits a bankruptcy court from charging exempt property for administrative expenses" and because there is no dispute that the sale expenses were administrative fees paid from the proceeds from the sale of the Heather Mead property, the bankruptcy court did not err in including

---

[2]The Sixth Circuit did not address the Trustee's argument that the estate is administratively insolvent, finding that argument was not properly before it. (*Id*. at 3).

previously incurred sale expenses in its calculation of administrative expenses. *See In re Holley*, 661 F. App'x at 396.

(*Id.*).

While the above appeal was pending in the Sixth Circuit, on June 5, 2019, the bankruptcy case was reassigned from Judge Daniel S. Opperman to a newly-appointed bankruptcy judge, Judge Joel D. Applebaum.

Following remand to the bankruptcy court, the Trustee disgorged all of her fees, along with all fees and expenses of her professionals, and a real estate commission of $13,530.00, to the Debtors. Even having returned all of that, there remains unpaid a balance due of $6,506.68 to the Debtors under the Turnover Order. (ECF No. 451 in Bankruptcy Case 12-33873).

The Trustee asserts, and the Debtors do not dispute, that amount consists of real property transfer taxes paid to the State of Michigan and Oakland County Treasurer, title insurance, closing fees, and other closing expenses incurred in the sale of the Property. Those expenditures were all authorized to be paid under the Order Approving the Sale of the Real Property and Order for Distribution.

The matter then came before Judge Applebaum on the Debtors' Motion to Compel Trustee to Turnover Exempt Property. In that motion, the Debtors asked the bankruptcy court to compel the Trustee to turnover Debtors' exempt property to them.

On May 5, 2020, Judge Applebaum issued an "Opinion Denying Debtors' Motion To Compel Trustee To Turnover Exempt Property." (ECF No. 1 in this Case).

In that Opinion, Judge Applebaum explained that "[a]fter the Trustee disgorged all of her fees, together with all fees and expenses of her professional and, subsequent to the filing of the instant motion, a real estate commission of $134,530.00, there remains unpaid a balance due to

4

Debtors under the Turnover Order of $6,506.68. The Trustee is unable to recover funds to pay this balance, the estate's coffers are completely empty and no further distributions to Debtors will occur." (*Id*. at 2). "The sole issue now before the Court is whether the Trustee is personally liable to Debtors because she cannot fully comply with the Court's Turnover Order." (*Id*.). Judge Applebaum concluded that the "Trustee is not personally liable," and therefore denied the Debtors' motion. (*Id*. at 2). The bankruptcy judge ruled as follows on this issue:

> Whether the Trustee is personally liable for the unpaid balance of $6,506.68 requires consideration of the Trustee's immunity. As the Sixth Circuit has recognized, "[C]ase law governing personal liability for trustees has been described by several courts as confusing and sometimes contradictory." *Grant, Konvalinka & Harrison, PC v. Banks (In re McKenzie)*, 716 F.3d 404, 412 (6th Cir. 2013), *cert. den.* 571 U.S. 955 (2013)(internal citations omitted). Nevertheless, *all* courts that have considered the issues agree that bankruptcy trustees "are entitled to absolute immunity for all actions taken pursuant to court orders." *Baron v. Sherman (In re Ondova Ltd. Co.)*, 914 F.3d 990,993(5th Cir. 2019). *Accord, Gross v. Rell*, 695 F.3d 211, 216 (2nd Cir. 2012); *Yadkin Valley Bank & Trust Co. v. McGee (In re Hutchinson)*, 5 F.3d 750, 753 (4th Cir. 1993); *Gregory v. U.S.*, 942 F.2d 1498, 1500 (10th Cir. 1991); *Lunan v. Jones (In re Lunan)*, 489 B.R. 711, 730 (Bankr. E.D. Tenn. 2012). *See McKenzie*, 716 F.3d at 414 ("a trustee may shield himself from personal liability for breach of his fiduciary duties by obtaining prior approval for actions within the scope of his official duties").
>
> In the present case, in a good faith effort to comply with the Turnover Order, the Trustee disgorged all of her fees, and successfully sought and obtained recovery of all sale proceeds distributed to her professionals in payment of fees, real estate broker commissions and expenses. The Trustee has no ability to satisfy the outstanding balance owing under the Turnover Order other than to draw on her own personal assets. Requiring her do so, however, would be tantamount to imposing personal liability for actions taken in reliance on this Court's May 29, 2015 Order, actions for which she is cloaked with *absolute* immunity.
>
> In light of the Court's conclusion that the Trustee is entitled to absolute immunity because she acted in reliance on this Court's May 29, 2015 Order, Debtors' Motion to Compel the Trustee to Turnover Exempt Property is DENIED.

(*Id*. at 2-3) (emphasis in original).

## ANALYSIS

This Court construes the bankruptcy court as having made two rulings when it denied the Debtors' Motion to Compel.

First, to the extent that the Debtors were seeking the bankruptcy court to "turn over" the remaining $6,506.68, that request was denied because the Trustee disgorged all of her fees and recoverable expenses and the estate is insolvent. (*See* May 5, 2020 Opinion at 2) (noting that Trustee disgorged and recovered everything possible and that "the estate's coffers are completely empty and no further distributions to Debtors will occur.").

Second, the way the motion unfolded, it became clear that the Debtors were actually asking the bankruptcy court to rule that the Trustee is personally liable for the remaining $6,506.68 and order her to pay Debtors that amount out of her own pocket. Although it appears that such claims against a bankruptcy trustee are typically pursued in a separate proceeding[3], given the Debtors' lack of representation by bankruptcy counsel and the protracted proceedings in this matter, the bankruptcy court addressed that issue and ruled that the Trustee could not be held personally liable. This Court agrees with Judge Applebaum's reasoning and the authority he relied on in his opinion.

The Sixth Circuit has explained that a "bankruptcy trustee is liable personally only for acts willfully and deliberately in violation of his fiduciary duties." *Ford Motor Credit Co. v.*

---

[3]The Debtors' indicate they may pursue such a proceeding (*see* Debtors' Brief on Appeal at 6, noting "Debtors have not *yet* attempted to suit [sic] the Trustee for her underlying actions in this bankruptcy." (emphasis in original).

6

*Weaver*, 680 F.2d 451, 462 (6th Cir. 1982).

It is well established that bankruptcy trustees are entitled to "absolute immunity" for all actions taken pursuant to a court order. *Matter of Ondova Ltd. Co.*, 914 F.3d 990, 993 (5th Cir. 2019); *see also In re Lunan*, 489 B.R. 711, 730 (Bankr. E.D. Tenn. 2012); *Gregory v. United States*, 942 F.2d 1498, 1500 (10th Cir. 1991); Bankruptcy Law Manual, § 4:16. *Trustees – Immunity; Limits of Immunity; the Barton doctrine* (Explaining that a "trustee is clearly immune from personal liability where the trustee obtains a court order requiring action after full disclosure to the court and notice to interested parties" and therefore a "court order is the ultimate protection against suit for personal liability because the trustee is acting under a direct court order to take the action.")

Thus, a bankruptcy "trustee may shield himself from personal liability for breach of his fiduciary duties by obtaining prior approval for acts within the scope of his official duties." *In re McKenzie*, 716 F.3d 404, 414 (6th Cir. 2013).

Here, the Trustee did just that.  The Trustee acted in reliance on the bankruptcy court's May 29, 2015 Order that allowed her to use proceeds from the sale of the Debtors' home to pay various administrative expenses.  This Court agrees with Judge Applebaum that ordering the Trustee to pay the Debtors the remaining $6,506.68 out of her own pocket would be tantamount to imposing personal liability on the Trustee for actions she took in reliance on Judge Opperman's May 29, 2015 Order – actions for which she is cloaked with absolute immunity.

## CONCLUSION & ORDER

Accordingly, for these reasons, this Court AFFIRMS the bankruptcy court's order.

s/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated:  October 7, 2020